IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**WILLIAM GRANT**,

      Plaintiff/Counter-Defendant,

vs.                                                  Case No. 24-cv-216-WJ-SCY

**ISAAC ARAGON, a former law
enforcement officer with the City
of Albuquerque**,

      Defendant/Counter-Claimant,

**CITY OF ALBUQUERQUE**,

      Intervenor.

**MEMORANDUM OPINION AND ORDER
DENYING COUNTER-DEFENDANT'S MOTION TO DISMISS**

**THIS MATTER** is before the Court on Plaintiff/Counter-Defendant's Motion to Dismiss (**Doc. 15**). Plaintiff/Counter-Defendant (hereinafter "Mr. Grant") moves to dismiss Defendant/Counter-Claimant's spoliation of evidence (**Doc. 6 at 5–7**) counterclaim for failure to state a claim. Having considered the parties' briefing and the applicable law, the Court concludes that Counter-Claimant (hereinafter "Mr. Aragon") has alleged sufficient facts to state a plausible claim—meaning the Motion to Dismiss must be **DENIED**.

**LEGAL STANDARD**

The legal standard for evaluating whether a motion to dismiss under Rule 12(b)(6) can be granted is well-established. To survive such a motion, a complaint—or in this instance, a counterclaim—must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the

1

complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Well-pleaded factual allegations are accepted as true; and the Court construes them in the light most favorable to the Plaintiff (here, the Counter-Claimant). *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007). In so doing, a Court must "disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable." *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012).

Although a complaint need not contain "detailed factual allegations," it must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.

## BACKGROUND[1]

On March 7, 2021, Mr. Aragon was a police officer with the City of Albuquerque (**Doc. 1 at ¶ 4; Doc. 6 ¶ 4**). Mr. Aragon conducted a traffic stop of a blue van because it had "attempted to run him off the road." **Doc. 6 at ¶¶ 4–5**. During this encounter, Mr. Aragon was in his marked police vehicle, *id.* **at ¶ 4**, and Mr. Grant was the driver of the van. *Id.* **at ¶ 5**.

Once Mr. Grant stopped driving, he then concealed his identity, provided a stolen driver's license, lied about his age, and claimed to not know his social security number (**Doc. 6 at ¶¶ 6–7**). Mr. Aragon then asked Mr. Grant to exit the vehicle. *Id.* **at ¶ 8**. He did not. *Ibid*. Instead, Mr. Grant reached for a gun, *id.* **at ¶ 8**, before grabbing his keys and driving away. *Ibid*.

Because of the threat posed, Mr. Aragon fired shots as Mr. Grant fled the scene. **Doc. 6 at ¶ 10**. Mr. Grant was then followed by law enforcement (who had their lights and sirens engaged)—but he eluded them (refusing to yield or pull over). *Id.* **at ¶¶ 11–12**.

---

[1] The Background facts are derived from Mr. Aragon's Answer (**Doc. 6**) and are taken as true and viewed in the light most favorable to him for the purpose of resolving this motion to dismiss. *Waller v. City & Cnty. of Denver*, 932 F.3d 1277, 1282 (10th Cir. 2019).

Ultimately, Mr. Grant escaped. **Doc. 6 at ¶ 13**. To further throw law enforcement off his trail, he disposed of the blue van and the contents. *Ibid.* Mr. Grant knew that the van and its contents would be important (*i.e.*, material evidence) to a future lawsuit (*i.e.*, potential litigation). *Id.* **at ¶ 14**. Mr. Aragon alleges that Mr. Grant's disposal of the van was done intentionally to disrupt any such future litigation. *Id.* **at ¶ 15**. And because of Mr. Grant's failure to preserve the evidence—again, the van and its contents—Mr. Aragon has been "adversely affected" in his ability to "defend this lawsuit, assist with any criminal prosecution of the matter, and/or prove his affirmative defenses." *Id.* **at ¶ 16**.

Accordingly, Mr. Aragon now brings a counterclaim under New Mexico state law[2] for the tort of spoliation of evidence.

## DISCUSSION

Having detailed the factual allegations in the counterclaim—and taken them in the light most favorable to Counter-Claimant—the Court finds that Mr. Aragon has successfully "nudged claim across the line from conceivable to plausible." *Khalik*, 671 F.3d at 1191 (cleaned up).

**I. Counter-Claimant's Spoliation Claim Is Plausible**

New Mexico recognizes the tort of intentional spoliation of evidence. *See Gcm, Inc. v. Ky. Cent. Life Ins. Co.*, 1997-NMSC-052, at ¶ 16, 124 N.M. 186, 947 P.2d 143 (N.M. 1997) (citing *Coleman v. Eddy Potash, Inc.*, 1995-NMSC-70, 120 N.M. 645, 905 P.2d 185 (N.M. 1995) (recognizing intentional spoliation of evidence), *overruled on other grounds by Delgado v. Phelps Dodge Chino, Inc.*, 2001-NMSC-034, 131 N.M. 272, 34 P.3d 1148 (N.M. 2001)). The *Coleman* case outlines the elements of spoliation as follows:

---

[2] "[O]nce a court has original jurisdiction over some claims in the action, it may exercise supplemental jurisdiction over additional claims that are part of the same case or controversy." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005); *see also* 18 U.S.C. § 1367.

>(1) the existence of a potential lawsuit; (2) the defendant's knowledge of the potential lawsuit; (3) the destruction, mutilation, or significant alteration of potential evidence; (4) intent on part of the defendant to disrupt or defeat the lawsuit; (5) a causal relationship between the act of spoliation and the inability to prove the lawsuit; and (6) damages.

*Coleman*, 1995-NMSC-70, at ¶ 13 (citing Philip A. Lionberger, *Interference with Prospective Civil Litigation by Spoliation of Evidence: Should Texas Adopt a New Tort?*, 21 ST. MARY'S L.J. 209, 222 (1989)); *cf.* UJI § 13-1650 NMRA ("Spoliation of Evidence").

Mr. Grant argues that New Mexico law does not recognize the tort of spoliation in the factual scenario outlined above (**Doc. 15 at 2–3**). Lacking here, in his view, is the "intent to disrupt or defeat" a "civil claim." *Id.* **at 2**.

For starters, Mr. Aragon's Response accurately rebuffs this notion:

>Counter-Defendant's failure to preserve the van and its contents as it/they exited at the time of the traffic stop was done intentionally and/or negligently to disrupt or defeat potential criminal and/or civil litigation," which constitutes the fourth and fifth elements of "intent to disrupt" and "causal relationship between destruction and the lawsuit."

**Doc. 20 at 4**. Thus, Counter-Claimant has sufficiently pleaded what needs to be pleaded.[3]

But, let's assume that parsing the "or" in "criminal and/or civil litigation," *id.* **at 4**, is doing too much work. That is Mr. Grant's argument anyway. *See* **Doc. 15 at 3** ("Aragon does not allege he had a potential civil claim against Grant. Aragon has not filed a civil claim against Grant and has failed to allege that he would have filed a civil claim against Grant but for the destruction of potential evidence."). The element does not require a civil claim be filed—but rather requires the "acts taken with the sole intent to maliciously defeat or disrupt a lawsuit." *Torres v. El Paso Elec.*

---

[3] The Court notes that New Mexico does "not recognize[] a cause of action for negligent spoliation of evidence." *Han-Noggle v. City of Albuquerque*, 2019 N.M. App. Unpub. LEXIS 357, at *12 (N.M. Ct. App. Sept. 10, 2019); *see also Coleman*, 1995-NMSC-70, at ¶ 16 ("[W]e decline to recognize the negligent destruction of potential evidence as a separate tort.").

*Co.*, 1999-NMSC-029, at ¶ 50, 127 N.M. 729, 987 P.2d 386 (N.M. 1999), *overruled on other grounds by Herrera v. Quality Pontiac*, 2003-NMSC-018, 134 N.M. 43, 73 P.3d 181 (N.M. 2003).

Again, Mr. Aragon alleged that Mr. Grant intentionally disposed of or destroyed evidence (**Doc. 6 at ¶¶ 13–16**). Thus, the required "level of culpability," *Torres*, 1999-NMSC-029, at ¶ 48, is sufficiently alleged because Counter-Claimant avers that Mr. Grant intentionally disposed of the van and its contents (after a traffic stop) to defeat future litigation. Especially so, given that the well-established principle that intent may be proven by circumstantial evidence. *See Fed. Power Comm'n v. Fla. Power & Light Co.*, 404 U.S. 453, 469 (1972); *United States v. Willie*, 941 F.2d 1384, 1401 (10th Cir. 1991) (noting "subjective intent is rarely proved by direct evidence").

Although the above point is a legal truism, the Court also looked to other States that recognize spoliation as a cause of action. They resoundingly agree—the state of mind element can be proven through circumstantial evidence.[4]

When reviewing the sufficiency of the counterclaim—and before the reception of any evidence either by affidavit or admissions—this Court's task is a limited one. The issue is not whether Mr. Aragon will ultimately prevail (or even survive a summary judgment motion), but simply whether the claimant is entitled to offer evidence to support the counterclaim. "*Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not*

---

[4] In addition to New Mexico, the following jurisdictions recognize spoliation as an independent tort cause of action (or subsume it under the state's negligence law): Alabama, Alaska, Connecticut, District of Columbia, Florida, Idaho, Illinois Ohio, Louisiana, Montana, New Jersey, Ohio, and West Virginia.

And several of those States have opinions discussing how intent can be proven. *See, e.g., McDowell v. Town of Sophia*, No. 12-cv-1340, 2013 U.S. Dist. LEXIS 20187, at *13 (S.D.W. Va. Feb. 11, 2013) (citing *Mace v. Ford Motor Co.*, 221 W. Va. 198, 653 S.E.2d 660, 666 (W. Va. 2007); *List Indus., Inc. v. Umina*, No. 18-cv-199, 2021 U.S. Dist. LEXIS 128716, at *43 (S.D. Ohio July 12, 2021) (citing *White v. Ford Motor Co.*, 142 Ohio App. 3d 384, 755 N.E.2d 954, 957 (Ohio Ct. App. 2001); *Tomlinson v. Landmark Am. Ins. Co.*, 15-276 (La. App. 4 Cir. 03/23/16), 192 So. 3d 153, 159 (discussing intentional spoliation and noting that complainant "must prove her case by a preponderance of the evidence and the burden may be met by direct or circumstantial evidence"); *Miller v. Allstate Ins. Co.*, 573 So. 2d 24, 26–27 (Fla. 3d DCA 1990) (recognizing the tort of spoliation of evidence and also discussing proof based "on circumstantial evidence"); *Mount Mansfield Ins. Grp., Inc. v. Am. Int'l Grp., Inc.*, 2011 IL App (1st) 110379-U, ¶¶ 19–20 & 53 (discussing proof by circumstantial evidence as well as the spoliation cause of action); *Deccan Value LLC v. Malik*, 2023 Conn. Super. LEXIS 1960, at *1 & n.20 (Conn. Super. Ct. July 25, 2023) (same).

*the test.*" *Twombly*, 550 U.S. at 583 (Stevens, J., dissenting in part) (emphasis in original) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Davis v. Scherer*, 468 U.S. 183 (1984)). Construing the counterclaim in the light most favorable to Mr. Aragon means the above-mentioned phrase of "criminal and/or civil litigation," must be construed as "civil litigation." *See Fourth Corner Credit Union v. FRB*, 861 F.3d 1052, 1057 (10th Cir. 2017) (per curiam). This element—as well as the others—has been sufficiently alleged at this stage.

The fact Mr. Aragon may not ultimately prevail[5] on his counterclaim is not the Court's concern at the 12(b)(6) stage. The Answer/Counterclaim (**Doc. 6**)[6] contains sufficient, non-conclusory allegations to allow the counterclaim to proceed.

## CONCLUSION

Counter-Claimant's tort claim for spoliation of evidence (**Doc. 6 at 5–7**) is plausible. The Court, therefore, **DENIES** Counter-Defendant's Motion to Dismiss (**Doc. 15**).

**IT IS SO ORDERED.**

/s/
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE

---

[5] The model jury instructions require Mr. Aragon prove that: (1) there was the potential for a lawsuit; (2) Mr. Grant knew there was the potential for a lawsuit; (3) Mr. Grant disposed of, destroyed, mutilated or significantly altered potential evidence; (4) by his conduct, Mr. Grant's sole intent was to disrupt or defeat a potential lawsuit; (5) the destruction or alteration of the evidence resulted in Mr. Aragon's inability to prove his case; and (6) Mr. Aragon suffered damages as a result of the destruction or alteration. *See* UJI § 13-1650 NMRA ("Spoliation of Evidence").

[6] Mr. Aragon pleaded: (1–2) tortious and criminal conduct that "reasonably would lead anyone to believe of a potential future lawsuit" (**Doc. 20 at 3**); (3) Mr. Grant "disposed of the van" after escaping from law enforcement (**Doc. 6 at ¶ 13**); (4–5) "Counter-Defendant fail[ed] to preserve the van and its contents as it/they exited at the time of the traffic stop was done intentionally and/or negligently to disrupt or defeat potential criminal and/or civil litigation," *id.* at ¶ 15, and that "he kn[e]w or should have known" such evidence was material to litigation; and (6) that he suffered damages (*Id.* at ¶ 17).